# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1792V
UNPUBLISHED

| | |
|---|---|
| STEVEN LEWIS, | Chief Special Master Corcoran |
|               Petitioner, | Filed: October 8, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Findings of Fact; Onset;  Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
|               Respondent. | |

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for Respondent.*

## FINDINGS OF FACT[1]

On November 20, 2018, Steven Lewis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on October 22, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished fact ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the fact ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons set forth below, and as I announced during the October 2, 2020 motions hearing,[3] I find the onset of Petitioner's shoulder pain occurred within 48 hours of vaccination, consistent with the Table requirements for a SIRVA claim.

## I. Relevant Procedural History

As noted above, the case was initiated on November 20, 2018. After reviewing Petitioner's medical records, Respondent filed a status report stating that he was not amenable to engaging in settlement discussions, and requesting until January 6, 2020, to file his report pursuant to Vaccine Rule 4(c). ECF No. 24. This request was granted.

On January 6, 2020, Respondent filed the Rule 4(c) Report maintaining that the case was not appropriate for compensation under the terms of the Vaccine Act. ECF No. 29. Respondent argued that "Petitioner first sought treatment for his alleged left shoulder injury on March 3, 2017, more than four months after his vaccination." *Id.* at 6. Respondent further argued that Petitioner's medical records failed to specify the timeframe in which his symptoms began. *Id.* Finally, Respondent asserted that Petitioner otherwise failed to establish causation-in-fact. *Id.* at 6-8.[4]

The parties' arguments regarding the onset of Petitioner's injury were based on briefing completed prior to the motions day hearing. Thus, on June 3, 2020, Petitioner filed two witness affidavits as well as his brief. ECF Nos. 39, 41. Respondent filed his response on July 6, 2020. ECF No. 42.

## II. Issue

At issue is whether the onset of Petitioner's left shoulder pain was within 48-hours after vaccination, as set forth in the Vaccine Injury Table for a SIRVA injury after receipt of the flu vaccine. 42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination). The Table's "Qualifications and Aids to Interpretation" ("QAI") for a SIRVA-based claim also require that a petitioner's pain have occurred within this same 48-hour time frame. 42 C.F.R. § 100.3(c)(10).

## III. Authority

Pursuant to Vaccine Act Section 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition as set forth in Section 11(c)(1). I have discussed the factors to be considered in determining whether a petitioner

---

[3] *See* Minute Entry dated October 2, 2020. The transcript of this hearing, which was not yet filed as of the date of this Ruling, is hereby incorporated into my Findings of Fact by reference.

[4] Respondent also questioned whether Petitioner had a history of left shoulder pain and dysfunction prior to vaccination, but has since indicated that he is no longer challenging this issue. *See* Scheduling Order, issued February 25, 2020 (ECF No. 33).

has met their burden in several recent decisions. I fully adopt and hereby incorporate my prior discussion in section III of the following decisions: *Marrow v. Sec'y of Health & Hum. Servs.*, No. 17-1964V, 2020 WL 3639775 (Fed. Cl. Spec. Mstr. June 2, 2020); *Robinson v. Sec'y of Health & Hum. Servs.*, No. 17-1050V, 2020 WL 3729432 (Fed. Cl. Spec. Mstr. June 5, 2020); *Decoursey v. Sec'y of Health & Hum. Servs.*, No.18-870V, 2020 WL 4673228 (Fed. Cl. Spec. Mstr. July 9, 2020).

In sum, a special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of the petitioner's injury or illness that is contained in a medical record. Section 13(b)(1). Moreover, a special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Section 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id.*

### IV. Finding of Fact

I make the finding regarding onset after a complete review of the record to include all medical records, affidavits, Respondent's Rule 4(c) report, additional evidence and briefing by the parties. Specifically, I base the finding on the following evidence:

- Mr. Lewis was administered a flu vaccine in his left shoulder on October 22, 2016. Ex. 2.

- In his affidavit, Mr. Lewis averred that his symptoms "began almost immediately upon receiving the vaccination." Ex. 4 at 1. Mr. Lewis further stated that although he continued to experience pain and swelling in his left shoulder in the following days and weeks, he did not immediately seek treatment because he "thought the pain would go away on its own." *Id.* at 1-2.

- On March 3, 2017, four months and twelve days after vaccination, Mr. Lewis presented to his primary care physician, Dr. Eric Hart, with a complaint of left shoulder pain "after receiving a flu shot in October." Ex. 6 at 77. Mr. Lewis also complained of left should pain that occurred "after receiving a flu vaccine" in a subsequent appointment with Dr. Hart on June 28, 2017. *Id.* at 4. On August 23, 2017, Dr. Hart noted that Mr. Lewis attributed his left shoulder pain to the "flu vaccine that he received." Ex. 5 at 9.

- On March 16, 2017, Mr. Lewis presented to orthopedist, Dr. William Kesto. Ex. 3 at 49. Dr. Kesto noted "[p]atient is here today for his left shoulder that he states was injured when he received a flu shot 5 months ago." *Id.*

3

- Mr. Lewis underwent a physical therapy evaluation on April 3, 2017. Ex. 3 at 45. He reported that his left shoulder pain "started . . . after getting a flu shot in Oct[ober]." *Id.* The date of injury was noted as October 3, 2016. *Id.*

- Mr. Lewis presented to orthopedist, Dr. James Bolz, on July 26, 2017. Ex. 3 at 2. Mr. Lewis stated that "he was given a flu vaccine in October and his left shoulder has been hurting every since." *Id.*

- On October 2, Mr. Lewis reported shoulder pain to Dr. Martin W. Jenter. Ex. 5 at 1. Mr. Lewis reporting having had left shoulder pain "since he got the flu injection last year." *Id.*

- Arlene Grigsby, Mr. Lewis's fiancé, submitted an affidavit dated May 18, 2020. Ex. 14. In it, she averred that within a week of Mr. Lewis's vaccination, he shared with her that "his arm was still sore after receiving the flu shot." *Id.* at 1.

- Mr. Lewis's son, Desmon Lewis, submitted an affidavit dated May 27, 2020, in which he reported a telephone conversation in which his father stated that "he had just received his flu shot" and his left shoulder was hurting from the shot. Ex. 15 at 1.

The above items of evidence collectively establish that Mr. Lewis's shoulder pain most likely began within 48 hours of receiving the October 22, 2016 flu vaccine. I recognize that Petitioner's medical records do not reflect a precise date of onset, and also that (as Respondent argues) the vague temporal references to onset (i.e., "*after* receiving a flu shot . . .") allow for the possibility that onset occurred more than 48 hours from vaccination. However, there is no counter-evidence undercutting Petitioner's contention that his pain began close-in-time to vaccination, and he consistently attributed his shoulder symptoms to his flu shot. Indeed, at his first post-vaccination medical appointment (for this is not a case with intervening records that rebut Petitioner's contentions), Mr. Lewis specifically complained of left shoulder pain "after receiving a flu shot in October." Ex. 6 at 77. He continued to make such assertions at all subsequent medical encounters. Furthermore, the affidavits submitted by Mr. Lewis and his witnesses are consistent with the medical evidence, and I have found no reason not to deem them credible otherwise.

Although Mr. Lewis did not seek treatment for his left shoulder injury until approximately four-and-a-half months following the October 22, 2016 vaccination, I do not find this delay to be dispositive regarding the issue of onset. Indeed, Mr. Lewis's medical records and affidavits reflect a pattern similar to other SIRVA claims, in which injured parties reasonably delay treatment, often based on the assumption that their pain is likely transitory. *See, e.g., Tenneson v. Sec'y of Health & Human Servs.*, No. 16-1664V, 2018 WL 3083140, at *5 (Fed. Cl. Spec. Mstr. Mar. 30, 2018), *review denied,* 142 Fed. Cl. 329 (2019), (finding a 48-hour onset of shoulder pain despite a nearly six-month delay in seeking treatment); *Williams v. Sec'y of Health & Human Servs.*, 17-830V, 2019 WL 1040410, at *9 (Fed. Cl. Spec. Mstr. Jan. 31, 2019) (noting a delay in seeking treatment for five-and-a-half months because petitioner underestimated the severity of her shoulder

injury); *Knauss v. Sec'y of Health & Human Servs.*, 16-1372V, 2018 WL 3432906 (Fed. Cl. Spec. Mstr. May 23, 2018) (noting a three-month delay in seeking treatment).

Accordingly, I find there is preponderant evidence to establish that the onset of Mr. Lewis's left shoulder pain occurred within 48 hours of the October 22, 2016 flu vaccination.

### V.     Scheduling Order

Given my finding of fact regarding onset – and specifically that it is consistent with the Table requirements for a SIRVA claim - Respondent should evaluate and provide his current position regarding the merits of Petitioner's case.

Respondent shall file, by no later than **Monday, November 9, 2020**, an amended Rule 4(c) Report reflecting Respondent's position in light of the above fact-finding.

**IT IS SO ORDERED.**
 104

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

5